United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 21, 2003**

Charles R. Fulbruge III
Clerk

**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

---

No. 03-30034
Summary Calendar

---

JAMES H. TRICHE; TERRY R. TRICHE,

Plaintiffs-Appellants,

versus

CF INDUSTRIES, INC.,

Defendant-Appellee.

---

**Appeal from the United States District Court
for the Middle District of Louisiana
(01-CV-301-D-M3)**

---

Before BARKSDALE, EMILIO M. GARZA, and DENNIS, Circuit Judges.

PER CURIAM:*

At issue is a summary judgment awarded CF Industries, dismissing tort claims for James Triche's claimed gradual hearing loss. Such judgment is reviewed *de novo*, "examining the evidence in the light most favorable to ... the nonmovant[s]". *Duckett v. City of Cedar Park, Tex.*, 950 F.2d 272, 276 (5th Cir. 1992). The judgment is proper when, viewing the evidence in this light, "there is no genuine issue as to any material fact and ... the moving party is entitled to judgment as a matter of law". *Amburgey v.*

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

***Corhart Refractories Corp. Inc.***, 936 F.2d 805, 809 (5th Cir. 1991) (quoting Fed. R. Civ. P. 56(c)).

Pursuant to our review of the briefs and record, summary judgment, based on prescription, was proper. Contrary to appellants' contention, the continuing tort doctrine does not save their claim. Their contention that James Triche continued to be exposed to excessive noise *after* his transfer to a warehouse position *in 1996* (this action was *not* filed until 2001) is supported only by conclusory statements in Triche's own affidavit. *See, e.g.,* ***Topalian v. Ehrman***, 954 F.2d 1125, 1131 (5th Cir.), *cert. denied*, 506 U.S. 825 (1992) (conclusory allegations not sufficient to defeat claim for summary judgment).

Because summary judgment, based on prescription, was proper, we need not reach CF Industries' alternate basis for summary judgment (claims barred by exclusivity provisions of Louisiana Workers' Compensation Act).

*AFFIRMED*

2